expressions of the trial court that it was irrelevant.

I would reverse and remand to offer plaintiffs an opportunity to contest father's paternity of the daughter and his support, if any. It was not necessary for them to oppose that evidence when the trial court considered his paternity and his support irrelevant. This would offer father an opportunity to answer the question as to how much he paid for the support of his daughter. With this evidence the court could comply with the requirement of Rule 88.01. Without this evidence it is impossible to determine that the award for Son is "just" or "unjust." It is certain that the trial court did not comply with the requirements of Rule 88.01. For that reason it misapplied the law.

*ORDER*

PER CURIAM.

Mother appeals the judgment modifying a prior dissolution of marriage decree. We find the judgment supported by substantial evidence is not against the weight of the evidence. Further, no error of law appears. We also determine an opinion would have no precedential value and affirm by written order. Rule 84.16(b)(1) and (5). A memorandum has been provided to the parties for their use only.

■

STATE of Missouri, Respondent,

v.

David WARE, Appellant.

David WARE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60996, 63629.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 1994.

■

Debbie Jean JEROME, Appellant,

v.

Daniel Baptise JEROME, Respondent.

No. 64178.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 1994.

Application to Transfer Denied
April 26, 1994.

Deborah J. Fredericks, Ballwin, for appellant.

David O. Danis, St. Louis, for respondent.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

